

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN - 3 2013

CLERK, U.S. DISTRICT COURT
By_____
       Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, | § § § | |
| Plaintiff, | § § | |
| VS. | § | NO. 4:12-CV-804-A |
| THOMAS McAFEE, | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion to remand filed in the above-captioned action by plaintiff, U.S. Bank, National Association, as Trustee ("U.S. Bank"), after defendant Thomas McAfee (McAfee) removed the action to this court. Defendant did not file a response to the motion to remand. Having considered plaintiff's motion to remand, defendant's original notice of removal and accompanying documents, plaintiff's original petition, and applicable legal authorities, the court concludes that plaintiff's motion should be granted, and this action should be remanded to the state court from which it was removed.

I.

Background and Grounds for the Motion

Plaintiff initiated this action by filing its original petition for forcible detainer pursuant to Texas law against

defendant in the Justice of the Peace Court of Tarrant County, Texas, Precinct 3, Place 1, as Cause No. E45448. Defendant removed the action to this court, alleging that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. In his notice of removal, defendant contends that plaintiff "has violated his rights under 12 U.S.C. § 2601, et. seq., 15 U.S.C. § 1601, et. seq., and 15 U.S.C. § 1692." Notice of Removal, at 3.

Plaintiff filed a motion to remand the action pursuant to 28 U.S.C. § 1447(c), claiming that federal subject matter jurisdiction does not exist in this case, as plaintiff brought only a claim for forcible detainer under Texas law, and plaintiff's petition raises no federal claims or federal issues.

II.

Analysis

A.  Basic Principles of Removal

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district court would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises

2

significant federalism concerns, which mandate strict construction of the removal statute." <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

B. <u>Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331</u>

A federal court has federal question jurisdiction over an action only if "a federal question appears on the face of the plaintiff's well-pleaded complaint," <u>Elam v. Kan. City S. Ry. Co.</u>, 635 F.3d 796, 803 (5th Cir. 2011), and there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action, <u>MSOF Corp. v. Exxon Corp.</u>, 295 F.3d 485, 490 (5th Cir. 2002). The complaint must establish that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." <u>Empire Healthchoice Assurance, Inc. v. McVeigh</u>, 547 U.S. 677, 690 (2006); <u>Borden v. Allstate Ins. Co.</u>, 589 F.3d 168, 172 (5th Cir. 2009).

Plaintiff's original petition raises no federal claims or issues, as it simply brings a forcible detainer cause of action, which is governed by Texas law. There is nothing on the face of

the petition that creates a question of federal law of any kind. Defendant alleges in his notice of removal that plaintiff violated provisions of federal law; however, a federal defense or counterclaim is insufficient to create federal question jurisdiction. Merrell Dow, 478 U.S. at 808 ("A defense that raises a federal question is inadequate to confer federal jurisdiction."). Furthermore, the Fifth Circuit has specifically held that a defendant cannot remove a case to federal court and circumvent jurisdiction of a state court in a simple forcible detainer proceeding or suit to evict brought pursuant to the Texas Property Code by asserting a possible federal issue in a counterclaim or answer. Stump v. Potts, 322 F. App'x 379, 380 (5th Cir. 2009) (citing MSOF Corp., 295 F.3d at 490). Thus, defendant's allegations that plaintiff violated provisions of federal law cannot create federal question jurisdiction. Consequently, the court is remanding this action to the state court from which it was removed.

III.

Order

Therefore,

The court ORDERS that plaintiff's motion to remand be, and is hereby, granted.

The court further ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED January 3, 2013.

_____
JOHN McBRYDE
United States District Judge